

08/15/2006

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | Case No. 04-50356 |
| **DIAMOND K CORPORATION,** | § | Chapter 11 |
| | § | |
| Debtor. | § | |

## ORDER AND MEMORANDUM OPINION[1]

On February 1, 2006, the Court entered its Order and Memorandum Opinion denying the Debtor's MOTION TO COMPEL TURNOVER OF CONTRACT BALANCES OWED TO DIAMOND K CORPORATION [Docket No. 314], as amended by the Debtor's AMENDED MOTION filed May 10, 2005 [Docket No. 387].[2] The Debtor's Motion requested an order directing Mount Pleasant Independent School District ("MPISD") to turnover certain withheld contract proceeds in the amount of $39,988.86 to the Debtor or the Debtor's bankruptcy estate under 11 U.S.C. §542. Great American Insurance Company ("GAIC") opposed the Debtor's turnover request, asserting that the funds were not property of the estate and under the principles of equitable subrogation should be distributed to GAIC instead.

The Debtor, having the burden of proof under section 542 of the Bankruptcy Code, did not establish that the funds were due under the terms of the Debtor's contract with MPISD.[3] On

---

[1] This Memorandum Opinion is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case, or as to other evidentiary doctrines applicable to the specific parties in this proceeding.

[2] The Order and Memorandum Opinion also denied Great American Insurance Company's MOTION TO REQUIRE DEBTOR TO PAY CONTRACT PROCEEDS [Docket No. 258] relating to a contract with the Texas Department of Transportation. Reconsideration of that matter has specifically not been requested by GAIC. Motion to Reconsider, n.1.

[3] Section 11 U.S.C. §542 applies only to debts that are fully matured, payable on demand, or amounts due without dispute. *See*, *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983); *In re Charter Co.*, 913 F.2d 1575,

**DIAMOND K CORP / 04-50356** Page 1 of 1

February 13, 2006, Great American Insurance Company ("GAIC") filed its MOTION FOR RECONSIDERATION [Docket No. 844] asking the Court to reconsider its prior order, not with respect to the Debtor's right to turnover but as to GAIC's right of equitable subrogation.[4] GAIC also requests that this Court enter an order directing MPISD to pay the withheld contract proceeds directly to GAIC based on its equitable subrogation claim. The Federal Rules of Civil Procedure, made applicable hereto by the Federal Rules of Bankruptcy Procedure do not provide for or recognize motions for reconsideration. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). However, GAIC's request for reconsideration having been filed and served within ten days of entry of the order sought to be modified shall be treated as a motion to alter or amend the Court's previous judgment under Rule 59(e) of the Federal Rules of Civil Procedure. This opinion constitutes the Court's findings of fact and conclusions of law.

## I.    JURISDICTION

This Court has jurisdiction over the Debtor's Motion to Compel Turnover pursuant to 28 U.S.C. §§ 157 and 1334 and the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B) and (E) upon which the Court may enter final judgment.

## II.    PROCEDURAL BACKGROUND

1.    On or about February 23, 2001, the Debtor entered into a Standard Form of Agreement Between Owner and Construction Manager Where the Construction Manager is also

---

1579 (11th Cir. 1990) ("[t]urnover proceedings are not to be used to liquidate disputed contract claims"); *In re Chick Smith Ford, Inc.*, 46 B.R. 515, 518 (Bankr. M.D. Fla. 1985); *In re Archer*, 34 B.R. 28 (Bankr. N.D. Tex. 1983).

[4]    See, footnote 2, infra.

**DIAMOND K CORP / 04-50356**                                                                                                          Page 2 of 2

the Constructor (the "MPISD Contract") with Mount Pleasant Independent School District to perform capital improvements to various school buildings.

2.  As required by state law, the Debtor obtained performance and payment bonds through GAIC to guarantee its performance on the project. Prior to the commencement of this bankruptcy case, the Debtor failed to pay the claims of some laborers or materialmen. GAIC, as surety, was compelled to pay a portion of these claims.

3.  On November 4, 2004, Diamond K Corporation (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.  At some point after the commencement of the bankruptcy case, the Debtor completed the construction and requested final payment from MPISD. MPISD refused to tender the remaining funds due on the project (the "MPISD Funds"), to the Debtor without further direction from this Court, due to GAIC's competing claim to the funds. The MPISD Funds are 'retainage' amounts, or a percentage amount held back from regular payments made during the course of the construction. These holdbacks are typically used within the construction industry to secure completion of the contractor's obligations under the construction contract.

5.  On April 20, 2005, the Debtor filed its MOTION TO COMPEL TURNOVER OF CONTRACT BALANCES OWED TO DIAMOND K CORPORATION BY MOUNT PLEASANT INDEPENDENT SCHOOL DISTRICT [Docket No. 314] requesting an order requiring MPISD to turnover the amount due and remaining on the contract to the Debtor (together with the Debtor's AMENDED MOTION TO COMPEL TURNOVER OF CONTRACT BALANCES OWED TO DIAMOND K CORPORATION BY MOUNT PLEASANT INDEPENDENT SCHOOL DISTRICT filed May 10, 2005 [Docket No. 387] (the "MPISD Motion"). The MPISD Motion asserts that the amount due and remaining on the contract is $41,344.86.

6. On May 10, 2005, GAIC filed its RESPONSE TO DEBTOR'S MOTION TO COMPEL TURNOVER OF CONTRACT PROCEEDS [Docket No. 383] opposing the relief requested by the Debtor. GAIC asserted that the Debtor defaulted on the MPISD Contract by not timely paying all claims of subcontractors and accordingly is not entitled to the MPISD Funds. GAIC further asserted that because it was compelled to pay certain claims of subcontractors under its payment bond, GAIC is entitled to the remaining contract proceeds under the principles of equitable subrogation.

7. On May 10, 2005, MPISD filed its OBJECTION TO MOTION TO COMPEL TURNOVER OF CONTRACT BALANCES OWED TO DIAMOND K CORPORATION BY MOUNT PLEASANT INDEPENDENT SCHOOL DISTRICT, AND IN THE ALTERNATIVE, REQUEST FOR INTERPLEADER [Docket No. 386] asserting that MPISD is unable to determine which party is entitled to receive payment of the contract proceeds. MPISD also asserted that it has no claim to or interest in the funds. MPISD Objection, ¶11-12. See also, AGREED STIPULATION BETWEEN MOUNT PLEASANT INDEPENDENT SCHOOL DISTRICT, DIAMOND K CORPORATION AND GREAT AMERICAN INSURANCE COMPANY filed May 23, 2005 [Docket No. 443], ¶2.

8. On May 24, 2005, the Court held a trial on the Debtor's Motion and the objections thereto. The Court allowed the parties to submit post-trial briefings on the issue of whether the contract proceeds constituted "property of the estate" under Texas law and the matter was taken under advisement.[5]

---

[5] On June 23, 2005, the parties each filed their post-trial briefings. GAIC filed its SUPPLEMENTAL BRIEF IN OPPOSITION TO DEBTOR'S MOTION TO COMPEL TURNOVER OF CONTRACT BALANCES [Docket No. 474] and the Debtor filed its POST-HEARING BRIEF IN SUPPORT OF AMENDED MOTION TO COMPEL TURNOVER OF CONTRACT BALANCES [Docket No. 476]. On June 27, 2005, the Debtor filed ITS SUPPLEMENTAL POST-HEARING BRIEF [Docket No. 482]. On July 5, 2005, GAIC filed its RESPONSE TO DEBTORS' SUPPLEMENTAL POST-HEARING BRIEF [Docket No. 484].

9. As stated above, on February 1, 2006, the Court entered its ORDER AND MEMORANDUM OPINION [Docket No. 807] denying the Debtor's Motion. The Court held that the Debtor had not established that it had a right to compel MPISD to pay over the retainage funds under the Debtor's contract with MPISD because there was an express condition that consent of the surety be obtained prior to disbursement of the final payment, and accordingly could not establish that funds were payable on demand as required under 11 U.S.C. §542. The Court also held that GAIC had not established its claim of equitable subrogation.[6]

10. On February 13, 2006, GAIC filed the current request for reconsideration urging the Court to direct MPISD to pay the contract proceeds over to GAIC based on its equitable subrogation claim. On March 6, 2006, the Debtor filed its OBJECTION TO THE MOTION FOR RECONSIDERATION [Docket No. 860] and the matter was set for hearing on April 4, 2006.[7]

11. At the hearing on April 4, 2006, GAIC argued that the Court failed to consider Tex. Gov't Code §2253 as providing a statutory right of equitable subrogation under Texas law. The Debtor opposed the reconsideration arguing that no new legal arguments could be raised at this point in the proceeding. The Court agreed to allow both parties an opportunity to brief the applicability of this provision to the Court's prior ruling.

---

[6] The Debtor's request for relief was not brought as an adversary proceeding where the Court could have been called upon to resolve the disputes between the parties.

[7] On March 14, 2006, the Debtor filed a MOTION TO ENFORCE STIPULATION AND COMPEL THE CONSENT OF GREAT AMERICAN INSURANCE COMPANY WITH RESPECT TO THE MPISD CONTRACT BALANCE [Docket No. 869]. On March 30, 2006, GAIC filed its RESPONSE OF GAIC TO DEBTORS' MOTION TO ENFORCE STIPULATION AND MOTION TO COMPEL [Docket No. 893] again asserting that the Debtor had defaulted on the MPISD contract and was therefore not entitled to any contract proceeds under Texas state law. The Motion to Enforce was also set for hearing on April 4, 2006.

### III.   ANALYSIS

Motions to alter or amend a judgment under Rule 59(e) "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted).  A Rule 59(e) motion should not be granted unless there is: (i) an intervening change in controlling law, (ii) new evidence not previously available, or (iii) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *See, e.g., Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Russ v. Int'l Paper Co.,* 943 F.2d 589, 593 (5th Cir. 1991).  GAIC does not assert that there have been any changes in controlling law or appearance of new evidence.  GAIC only argues that (i) this Court failed to consider section 2253.071 of the Texas Government Code as governing distribution of the proceeds in this case and (ii) application of equitable subrogation requires this Court to direct turnover of the contract proceeds to GAIC.  GAIC, accordingly, asks the Court to reconsider its previous order.

####    A.   GAIC Is Not Entitled to the Relief Requested

Notably, the matter before the Court is the Debtor's motion to compel a turnover of the MPISD contact proceeds.  While GAIC, in its responses and objections to that motion has asserted that the Debtor was not entitled to the contract proceeds because of GAIC's right to equitable subrogation, GAIC has not filed an adversary proceeding or some other procedurally appropriate motion to obtain such relief.  Therefore, the Court reviewed GAIC's claim of equitable subrogation only in the context of the Debtor's request for turnover, but not in the context of GAIC's independent right to demand payment of the contract proceeds or a request for affirmative relief.

Rule 7001 of the Federal Rules of Bankruptcy Procedure provides that certain matters be brought as an adversary proceeding and subject to the safeguards of procedural due process, including proceedings to recover money or property [Rule 7001(1)], proceedings to determine the validity, priority, or extent of interests in property [Rule 7001(2)], proceedings to obtain equitable relief [Rule 7001(7)], proceedings to subordinate an interest [Rule 7001(8)], or an proceeding to obtain a declaratory judgment as to any of the above matters [Rule 7001(9)]. While the Bankruptcy Court's powers are "broad, [they] must be exercised in accordance with [the] procedural requirements of the [Bankruptcy] Code and Rules." *In re Smith and Son Septic and Sanitation Service*, 88 B.R. 375, 380 (Bankr. D. Utah 1988) (citing *In re Riding*, 44 B.R. 846, 859 (Bankr. D. Utah 1984)).

GAIC appears to be asserting at least one of the following: a right to recover money, a determination of its interest in the retainage funds, recognition and/or application of equitable subrogation, or subordination of the rights of the Debtor's creditors under section 2253.071(c). The appropriate procedure for any of these types of relief is through the commencement of an adversary proceeding. See generally, *Matter of Endicott,* 79 B.R. 439, 440 n. 1 (Bankr. W.D .Mo. 1987) (request for injunctive or other equitable relief must be brought by adversary proceeding); *accord In re Entz,* 44 B.R. 483, 485 (Bankr. D. Ariz. 1984); *In re Sun Belt Elec. Constructors, Inc.*, 56 B.R. 686, 688 (Bankr. N.D.Ga. 1986) (enforcement of a contract, which includes necessarily includes some form of injunctive, equitable, or declaratory relief, must be brought by adversary proceeding); *In re Mitchell*, 44 B.R. 485, 490-491 (Bankr. N.D. Ala. 1984) (a request to recover property or obtain equitable relief must be brought by adversary proceeding); *accord Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990); *In re Palombo Farms of Colorado, Inc.*, 43 B.R. 709, 711 (Bankr. D. Colo. 1984) (determination of validity,

extent, or priority of asserted lien must be brought by adversary proceeding); *accord Matter of Beard*, 112 B.R. 951, 955 (Bankr. N.D. Ill. 1990).[8]

### B. Article 2253 of Texas Government Code

GAIC argues that this section governs distribution of public works contract proceeds and that the Court failed to consider the statute in its prior ruling. The Court was aware of, and did consider, the statute in preparing its prior Order and Memorandum Opinion, but did not discuss the statute therein because it was not material to the Court's decision. However, since the issue has now been raised, the Court will discuss the statute and its relevance herein.

Section 2253.071 provides, in relevant part, as follows:

(a) The proceeds of a public work contract are not payable, until all costs of completion of the contract work are paid by the contractor or the contractor's surety, to a contractor who furnishes a bond required by this chapter if:

   (1) the contactor abandons performance of the contract; or
   (2) the contractor's right to proceed with performance of the contract is lawfully terminated by the awarding governmental entity because of the contractor's default.

(b) The balance of public work contract proceeds remaining after the costs of completion are paid shall be paid according to the contractor's and surety's interests as may be established by agreement or by judgment of a court.

---

[8] The Court previously ruled that the Debtor's request for turnover failed because its right to payment under the construct contract remained subject to certain unfulfilled conditions precedent. The underlying request of both the Debtor and GAIC is to determine the parties' respective rights and interests as to the retainage funds, which is essentially a contractual dispute, not a section 542 turnover action. The equitable subrogation claim raised herein was brought only as a response or objection to the Debtor's turnover motion. The turnover motion brought by the Debtor was a procedurally defective device for resolution of the competing interests. For the same reasons, GAIC'S pending request for reconsideration is an equally defective vehicle for obtaining judicial recognition of GAIC's interest in the funds, if any. The parties must employ the appropriate procedural mechanism to determine the merits of the claims presented herein.

(c) A surety that completes a public work contract or incurs a loss under a performance bond required under this chapter has a claim to the proceeds of the contract prior to all other creditors of the prime contractor to the full extent of the surety's loss. That priority does not excuse the surety from paying an obligation under a payment bond.

Tex. Gov't Code, §2253.071.

In this case, the Debtor seeks turnover of the retainage funds. Subsections (a) and (b) of section 2253.071 governs the Debtor's right to seek payment.[9] The statute provides that MPISD is not required to pay over the proceeds of the contract until all of the costs of completing the contract have been paid. In this case, some claims of laborers and materialman who provided services and supplies to the MPISD project remain unpaid. The statute goes on to provide that the proceeds remaining after the costs of completion have been paid shall be disbursed according the agreement of the Debtor and GAIC or a court order. No agreements or court orders have been presented in this matter to establish any disbursement guidelines, other than an incomplete copy of the contract with MPISD. Texas Gov't Code §2253.071(b). Thus, the statute provides additional support for the Court's previous holding that the proceeds of the MPISD contract are not currently payable to the Debtor.

The Court, therefore, finds that section 2253.071 of the Tex. Gov't Code does not require amendment or modification of the Court's ruling regarding the Debtor's right to the MPISD retainage funds.

---

[9] Subsection (c) provides the surety priority in the retained proceeds over the Debtor's general creditors of the Debtor, it does not govern the Debtor's right to the proceeds. Texas Gov't Code §2253.071(c). To the extent that such claims existed, they should have been asserted in the bankruptcy case. The deadline for filing such claims was March 17, 2005. Confirmation of a debtor's plan of reorganization operates as res judiciata as to the treatment of claims against the estate. This Court confirmed the Debtor's Chapter 11 plan of reorganization on May 26, 2006. The Confirmation Order is now a final and binding judgment. Accordingly, the doctrine of res judicata prevents GAIC from challenging the treatment of its claim under the confirmed plan or asserting a new claim against the estate. Presumably for those reasons, GAIC does not assert a claim under §2253.071(c) of the Texas Gov't Code.

## IV. CONCLUSION

For the foregoing reasons, GAIC's Motion to Reconsider is denied without prejudice to GAIC, upon establishing proper jurisdiction, to seek a determination of rights in and to the contract proceeds through an adversary proceeding as required by Rule 7001 of the Federal Rules of Bankruptcy Procedure.

The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party. Any items identified herein as findings of fact may also be construed as conclusions of law and are adopted as such. Items identified herein as conclusions of law may also be construed as findings of fact and are adopted as such.

Signed on 8/14/2006

*Brenda T. Rhoades* MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE